**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

TARA LEWIS PLAINTIFF

v. 3:26-cv-00025-DPM-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration, DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge D. P. Marshall Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Tara Lewis, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because Ms. Lewis could perform her past relevant work. (Tr. 14-29.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

Plaintiff is young – only thirty-eight years old at the time of the administrative hearing. (Tr. 42.) She went as far as the tenth grade in school and earned her GED. (*Id.*) She has past work as a poultry de-boner, cashier, and industrial cleaner. (Tr. 60.)

The ALJ[1] first found Ms. Lewis met the insured status requirements of the Social Security Act and has not engaged in substantial gainful activity since her alleged onset date of September 1, 2017. (Tr. 16.) She has "severe" impairments in the form of degenerative disc disease,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

degenerative joint disease, migraines, depression, and anxiety. (*Id.*) The ALJ further found Ms. Lewis did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17-20.)

The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 20.) The ALJ utilized the services of a vocational expert to consider available jobs for a hypothetical person with Plaintiff's RFC. (Tr. 60-65.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform her past work as a chicken de-boner - despite her limitations. (Tr. 28.) Accordingly, the ALJ determined Ms. Lewis was not disabled. (Tr. 29.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 2-13.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ failed to evaluate whether her migraines medically equaled Listing 11.02. (Doc. No. 11 at 5-10.) She argues:

> The ALJ's analysis consisted of a statement that the evidence did not support severity of symptoms including those found under medical listing 1.15, 1,16,1.18,12.04, and 12.06. (Tr. at 17). The ALJ does not even mention listing 11.02 despite the fact that he found migraines to be severe. The ALJ tried to use a blanket statement by writing "nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments". (Tr. at 17).That bare assertion identifies no listing criteria, compares the medical evidence to nothing, and performs no equivalence analysis whatsoever.

*Id.* at 6.

"Primary headache disorder is not a listed impairment in the Listing of Impairments . . . [but] [e]pilepsy (listing 11.02) is the most closely analogous listed impairment for an [medically

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

determinable impairment] of a primary headache disorder." Social Security Ruling 19-4p. Listing 11.02 provides:

> 11.02 Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:
>
> A. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once a month for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
>
> OR
>
> B. Dyscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
>
> OR
>
> C. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
> 1.Physical functioning (see 11.00G3a); or
> 2.Understanding, remembering, or applying information (see 11.00G3b(i)); or
> 3.Interacting with others (see 11.00G3b(ii)); or
> 4.Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
> 5.Adapting or managing oneself (see 11.00G3b(iv)).
>
> OR
>
> D. Dyscognitive seizures (see 11.00H1b), occurring at least once every 2 weeks for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
> 1.Physical functioning (see 11.00G3a); or
> 2.Understanding, remembering, or applying information (see 11.00G3b(i)); or
> 3.Interacting with others (see 11.00G3b(ii)); or
> 4.Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
> 5.Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. Pt. 404, Subpt. P, App. 1.

A claimant has the burden of proving her condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). For a claimant to show that her impairment

matches a listing, that impairment must meet all the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.* The claimant must provide *medical findings* that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990)(emphasis added). This she simply has not done.

As the Commissioner points out in his brief:

> The evidence she cites to in her argument consists of little more than her own subjective allegations, including a headache questionnaire she completed at the agency's request, and sporadic references to headaches over a multi-year period—specifically, one complaint in 2017, one in 2018, one in 2019, two in 2023, and generalized summaries in which headaches appear as one diagnosis among many repeatedly copied across records (Pl.'s Br. at 8- 10; Tr. 320, 627-33, 663, 659, 1926, 2170, 2533).

(Doc. No. 13 at 5.)

The Commissioner is correct. Plaintiff's brief says she "reported" she gets daily migraine headaches, her contemporaneous Headache Questionnaire documents daily headaches beginning in 2013, and medical records report Plaintiff has been seen "several times in the past" for headaches. (Doc. No. 11 at 8.) And after carefully considering the requirements of Listing 11.02, I find Plaintiff did not provide any objective medical evidence to corroborate her claims of frequent, debilitating headaches.

I have also considered Plaintiff's argument that the ALJ failed to consider Listing 11.02 at all. While Plaintiff raises a fair point, I find the ALJ thoroughly considered Plaintiff's headaches when rendering his decision. (Tr. 22-27.) He fully considered Ms. Lewis's "symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529; (Tr. 20). The ALJ concluded, "that the claimant's statements about the alleged intensity, persistence, and limiting

effects of symptoms are inconsistent with the objective medical evidence because those allegations are greater than expected in light of the objective evidence of record." (Tr. 21.) The ALJ further found, "Even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, in view of the relatively benign medical evidence. . . ." (*Id.*)

The "benign medical evidence" included numerous doctors examinations revealing mostly normal findings. (*See e.g.* Tr. 604, 636-37, 640-41, 645-46, 650-51, 655-56, 660-61, 1815-16, 1826, 1836, 3356-57, 3373, 3378, 3382-82, 3393-94, 3410-11, 3414-15, 3448, 3452-53, 3458-59.) And diagnostic tests showed nothing disabling. (Tr. 94, 122, 557-560, 571-72, 635, 637, 2770-72.) And while the ALJ did not mention it in his opinion, the medical evidence includes vast evidence that Plaintiff's habit of smoking cigarettes daily is "harmful" to her health and was a habit that her doctors recommended that she quit immediately. (See *e.g.* Tr. 638, 642, 652, 3412.) Failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989). Her doctors also recommended she engage in exercise – suggesting they did not believe she was incapable of performing light work activities. (*Id.*) Accordingly, I find no error here.

Plaintiff also argues that the ALJ erred by applying arbitrary and inconsistent standards when evaluating the state agency doctors. (Doc. No. 11 at 11-16.) She says:

> The ALJ rejected the initial-level State agency physical opinions on three stated grounds: "These physicians have never met the claimant and are only exposed to the medical records. They did not have access to the entire record, new evidence, or the claimant's testimony. Therefore, they are not persuasive." (Tr. at 27). Yet the ALJ found the reconsideration-level State agency physical opinions persuasive, even though those physicians shared every one of those characteristics. (Tr. at 27). The contradiction is not incidental; it is the load-bearing rationale of the RFC determination.

(*Id.* at 11.)

I have carefully considered Plaintiff's argument and the ALJ's statement. I come to a different conclusion than Plaintiff does. Because the state agency doctors' opinions are based solely on record evidence, the ALJ found Laurie Clemens, Ph.D., and Judith Forte, M.D., did not have all the evidence – thus, their opinions were not persuasive. And unlike the first doctors, David Voss, Ph.D., and Linda Margiloff, M.D., were persuasive because they did have all the evidence before them when rendering their opinions. Accordingly, substantial evidence supports the ALJ's decision on this point.

Plaintiff clearly has some limitations. But Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. *Ross v. O'Malley*, 92 F.4th 775, 779 (8th Cir. 2024).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372

F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 5th day of August 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE